**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AROMA DEPOT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PLANT GURU, INC., et al., <br><br> *Defendants*. <br><br> PLANT GURU, INC., <br><br> *Counterclaim* <br> *Plaintiff*, <br><br> v. <br><br> AROMA DEPOT, INC., et al., <br><br> *Counterclaim* <br> *Defendants*. | No. 22-cv-02281 (MEF)(AME) <br><br> **OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the allegations of the case.

\* \* \*

The Counterclaim Defendants move to dismiss the first, third, and fourth claims against them. See Renewed Notice of Motion to Dismiss (ECF 74-1) at 1; Memorandum of Law in Support of Renewed Motion to Dismiss (ECF 74-1) ("Motion to Dismiss") at 11.

These claims are for trade-dress infringement (Count I), trade-secret appropriation (Count III), and unfair competition (Count IV).  See First Amended Answer, Affirmative Defenses, and Counterclaim to Amended Complaint (ECF 60) ("Answer") at 30-32.

Their motion is denied in part.

\*     \*     \*

Start with the trade-dress count.

First, the Counterclaim Defendants (from here, the "Movants") argue that the Counterclaim Plaintiff (from here, the "Nonmovant") has failed to "'articulate the specific elements which comprise [a] distinct [trade] dress.'"  Motion to Dismiss at 13 (quoting Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 309 (3d Cir. 2014)) (cleaned up).

This argument does not work.

In Fair Wind Sailing, the plaintiff did not say "what overall look it wishe[d] to protect."  764 F.3d at 310.

But here, none of that is hard to see.  The images in the Nonmovant's pleading provide simple-to-follow examples of the "overall look," id., in play.

From page 25 of the Answer:










On a motion to dismiss, that provides more than enough clarity.[1] See I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko", 500 F. Supp. 3d 380, 408 (E.D. Pa. 2020) (collecting cases); Dayco Prods., LLC v. Dorman Prods., Inc., 2010 WL 3855221, at *5–6 (E.D. Mich. Sept. 28, 2010); accord, e.g., E. & J. Gallo Winery v. Three Sixty Five Wines LLC, 2024 WL 5252475, at *2 n.7 (D.N.J. Dec. 31, 2024).

Second, the Movants seek to dismiss the trade-dress count on the ground that the asserted trade dress is not entitled to protection as a matter of law.

This argument is not persuasive.

Trade dress protects only designs that have no real use, no "function[]" beyond "identify[ing] the source of the product or business." Fair Wind Sailing, 764 F.3d at 311 (cleaned up).

A design is "functional" if it actually does something.

For example, if it affects how an object works. See id. at 310. The ridged grip on a can opener is a design element. But it is also functional. It helps a person get a solid hold.

The logo stamped on the can opener is also a design element. But it is not functional. It does nothing practical. It just "identif[ies] the source of the product." Id. at 311.

The Movants say the Nonmovant's designs do not get trade-dress protection because they are functional. See Motion to Dismiss at 14, 16, 18–19.

But if the designs here help to get anything done, the Movants do not say what it is. And nothing is apparent.

Third and finally, the Movants have another argument for why the asserted trade dress here cannot count.

But this argument fails.

"[T]rade dress is the overall look of a product or business," Fair Wind Sailing, 764 F.3d at 308 (emphasis added), not the here-and-there building blocks of the "look."

---

[1] To win relief later on, the Nonmovant may very well have to articulate in words "the specific elements which comprise its distinct dress." Fair Wind Sailing, 764 F.3d at 309.

4

The eye looks at a trade dress as a collection of features --- lines, shapes, colors --- that pull together to make a distinctive impression. The law sees trade dress the same way, as something that gets protection (or not) based on its "overall look." Id.; see also Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1431 (7th Cir. 1985); Falcon Rice Mill, Inc. v. Cmty. Rice Mill, Inc., 725 F.2d 336, 346 (5th Cir. 1984).

The Movants argue that the Nonmovant's trade-dress claim violates this principle.

How?

By seeking trade-dress protection for discrete design features like the color blue in its products or a candle in its ads. See Motion to Dismiss at 18–21.

But this is inaccurate.

The Nonmovant claims protection for an overall look. The Answer makes that clear. See ¶¶ 52, 54, 56, 58 (discussing an "overall look"); Opposition Brief (ECF 75) at 11 (clarifying that the "entire style of presentation" is at issue). And the law of trade dress allows for the protection of just that. See Fair Wind Sailing, 764 F.3d at 308.

In short: the Court declines to dismiss the trade-dress claim, Count I, because the Movants' three arguments for dismissal are not persuasive.[2]

\*   \*   \*

Last, turn to the trade-secret claim, Count III.

The Movants argue the Court should dismiss this claim because the Nonmovant has not identified a trade secret with enough specificity. See Motion to Dismiss at 22.

"[A] misappropriated trade secret must be identified with enough specificity to place a defendant on notice of the bases for the claim being made against it. But a plaintiff need not spell out

---

[2] The Movants argue that the Court should dismiss the unfair-competition claim (Count IV) because it shares the same elements as the trade-dress claim. See Motion to Dismiss at 21–22. But this argument fails now that the Court has declined to dismiss the trade-dress claim.

5

the details of the trade secret to avoid dismissal." Oakwood Lab'ys LLC v. Thanoo, 999 F.3d 892, 906 (3d Cir. 2021).

The Nonmovant's allegations --- that the Movants have misappropriated its manufacturing process for butters, soaps, incense sticks, and fragrances --- appear to be highly generic. See Answer ¶¶ 25-35.

In the end, they may well not be specific enough to provide "notice" of the claim's bases. See Oakwood Lab'ys LLC, 999 F.3d at 906.

A California case, Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 253 (Cal. Ct. App. 1968), provides a trade-secret pleading standard that the federal courts have "widely adopted." Oakwood Lab'ys LLC, 999 F.3d at 906 n.14. Per Diodes, "the plaintiff must not only identify the end product manufactured, but also supply sufficient data concerning the process, without revealing the details of it." Diodes, 260 Cal. App. 2d at 253; accord Restatement (Third) of Unfair Competition § 39 (1995).

It seems unlikely that the Diodes bar has been cleared here.

But reaching and resolving this question may not be necessary.

The Court will give the Nonmovant a chance to seek to replead the trade-secret claim with enough detail. A request to file a revised pleading, with a proposed revised pleading attached, may be filed on or before June 26, 2025. If nothing is filed by then, the Movants can quickly renew their motion to dismiss.

*   *   *

The motion to dismiss is denied with respect to Counts I and IV.

IT IS on this 16th day of June, 2025, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.